(C. D. 308)

GEORGE HAYES *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 28, 1940)

*Siegel & Mandell* (*Joshua M. Davidson* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney) for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of clipper blades. Duty was levied thereon at the rate of 20 cents each and 45 per centum ad valorem under the provision in paragraph 357 of the Tariff Act of 1930 for "Nail, barbers', and animal clippers * * * valued at more than $1.75 per dozen." It is claimed that said articles are properly dutiable at but 20 per centum ad valorem under the provision in paragraph 356 of said act for "all other cutting knives and blades used in power or hand machines."

A sample of the clipper blades in question was admitted in evidence as Exhibit 1; a copy of the catalog showing the machine in connection with which the blades operate was admitted as Illustrative Exhibit A; and a sample of a hat body illustrating the type of merchandise upon which the blades and machine operate was admitted as Illustrative Exhibit B. In addition, the plaintiff, George Hayes, testified in his own behalf. No evidence was offered by the Government.

The said Hayes testified that he had been engaged in the hat business for about 15 years and was thoroughly familiar with the merchandise at bar and with the operation of the machine with which Exhibit 1 is used; that said Exhibit 1 is used in the manner described in Illustrative Exhibit A for the purpose of cutting into the nap of a hat body until a uniform and perfect pile is obtained; that the machine

in which Exhibit 1 is used (Illustrative Exhibit A) is a motor or power-driven machine; and that he knew of no other use for which the blades represented by Exhibit 1 were employed.

Upon this record it is plainly evident that the articles constituting the imported merchandise at bar are not within the scope of paragraph 357 of the Tariff Act of 1930, the pertinent portions of which read as follows:

Nail, barbers', and animal clippers, pruning and sheep shears, and all scissors and other shears, and blades for the same, finished or unfinished, valued at not more than 50 cents per dozen, 3½ cents each and 45 per centum ad valorem; valued at more than 50 cents and not more than $1.75 per dozen, 15 cents each and 45 per centum ad valorem; valued at more than $1.75 per dozen, 20 cents each and 45 per centum ad valorem; * * *.

Moreover, the case of *United States* v. *Sheep Shearers Mdse. & Comm. Co.*, 23 C. C. P. A. 146, T. D. 48009, which according to the official papers herein was apparently relied upon by the collector, in our opinion, has no application to the instant merchandise.

The classification of the collector having been proved to be erroneous, the only question remaining to be determined is whether the plaintiff has shown that its claimed classification is correct, to wit, that the articles in question are in fact cutting knives or blades used in power machines, within the meaning of paragraph 356 of the Tariff Act of 1930.

From the uncontradicted evidence it would seem that the imported articles fall squarely within the latter provision in said paragraph 356. Hence, as matter of law we hold that the imported blades are properly dutiable thereunder at the rate of 20 per centum ad valorem, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled.